IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIKOLAS BRITTON, | § | |
|     Plaintiff | § | |
| V. | § | |
| | § | |
| CITY OF DUBUQUE, | § | A-15-CV-0033LY-ML |
|     Defendant | § | |
| | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

    Before the Court are Defendant City of Dubuque's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2), 12(b)(5), 12(b)(3) and Under 28 U.S.C. § 1406 and, Subject Thereto, Motion to Transfer Venue Under 28 U.S.C. § 1406 [Dkt. #6]; Plaintiff Nikolas Britton's Request for Additional Time to Find Counsel [Dkt. #7]; Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Motion to Transfer Venue [Dkt. #8]; Plaintiff's Response to Defendant's Motion [Dkt. #9]; Defendant's Reply in Support of its Motion to Dismiss [Dkt. #10], and Plaintiff's Motion for Appointment of Counsel [Dkt. #12].

    The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, or for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, and the entire case file, the undersigned issues the following

Orders regarding Plaintiff's Request for Additional Time to Find Counsel [Dkt. #7]; Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Motion to Transfer Venue [Dkt. #8]; and Plaintiff's Motion for Appointment of Counsel [Dkt. #12]. The undersigned further issues the following Report and Recommendation to the District Court concerning Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2), 12(b)(5), 12(b)(3) and Under 28 U.S.C. § 1406 and, Subject Thereto, Motion to Transfer Venue Under 28 U.S.C. § 1406 [Dkt. #6].

**I. BACKGROUND**

Plaintiff alleges that, in July of 2012, he sought the assistance of the Dubuque Human Rights Commission ("DHRC"), in the City of Dubuque, Iowa, concerning an employment dispute with IBM. Compl. [Dkt. #1] at 1. Plaintiff complained that IBM violated the Americans with Disabilities Act. *Id.* at 1-2. Plaintiff alleges an officer acting on behalf of the DHRC and the City Attorney's Office told Plaintiff to retain some property of IBM relevant to the complaint. *Id.* at 3.

DHRC subsequently dismissed Plaintiff's complaint for "failure to cooperate." *Id.* at 2. Plaintiff complains the DHRC and Dubuque City Attorney's Office did not make diligent efforts to contact him before dismissing his complaint. *Id*. Plaintiff further alleges that when his DHRC case was closed, he was arrested and charged with a second degree felony theft of the IBM property that he had been instructed to retain by the DHRC case officer. *Id*. Plaintiff alleges IBM terminated his employment and he was prohibited from leaving the County of Dubuque for a two-year period while the criminal charges were pending. *Id*.

Plaintiff asserts the City's failure to make diligent efforts to contact him before dismissing his complaint was negligent, and caused him to be charged with the felony theft of IBM property, to lose his job with IBM, and to face criminal prosecution. He further asserts the

dismissal of his complaint for failure to cooperate denied him procedural due process under the Fourteenth Amendment to the United States Constitution. *Id*. Finally, Plaintiff asserts the DHRC and the City Attorney's Office failed to disclose the financial incentive package the City of Dubuque had offered IBM to set up facilities in the area, and that if he had known of this "financial Conflict of Interest" he would have sought assistance from a state or federal agency instead of through the City. *Id.* at 3. He asserts the failure to disclose the City's financial relationship with IBM "constitutes additional claims of negligence and misrepresentation." *Id.*

Plaintiff, who is now domiciled in Texas, filed this Complaint against the City of Dubuque on January 15, 2015. *See generally id.* He attempted to serve the City by emailing a copy of the summons and complaint to the Mayor of Dubuque, Roy D. Buol, on January 15, 2015. Mot. Dism. [Dkt. #6] Ex. A. The City filed its Motion to Dismiss on March 16, 2015, asserting this court lacks personal jurisdiction, service of process was insufficient, and venue in the Western District of Texas is improper. *Id.* at 1-2. Subject to the Motion to Dismiss, the City alternatively requested transfer of venue pursuant to 28 U.S.C. § 1406. *Id.* at 12.

On March 31, 2015, Plaintiff moved to strike the Motion to Dismiss as untimely, having been filed 3 months after his attempted email service of the complaint. Mot. Strike [Dkt. #8] at 1. On the same day, he filed a Response to the Motion to Dismiss [Dkt. #9], but also filed a Motion for Extension of Time to Find an Attorney and Respond to Defendant's Motions [Dkt. #7]. On April 15, 2015, Plaintiff filed a Motion to Appoint Counsel [Dkt. #12], asserting he was unable to find private counsel to represent him and was unable to represent himself because of an unspecified disability that impaired his "ability to organize and prepare arguments." *Id.* at 1.

3

For the reasons outlined below, the court finds Plaintiff is not entitled to appointed counsel in this case, and his motion for extension of time to find counsel is moot in light of his cogent, well-reasoned response to Defendant's motion to dismiss.  The Court further finds the City's Motion to Dismiss is not untimely because Plaintiff's efforts to serve the Defendant failed to comply with the relevant Iowa and Federal Rules of Civil Procedure and thus never triggered an answer deadline.  Because Plaintiff failed to properly serve Defendant, this court lacks personal jurisdiction over Defendant.  Additionally and in the alternative, Plaintiff has not identified sufficient minimum contacts to establish this court's personal jurisdiction over the Defendant.  Therefore, the court recommends granting the Defendant's Motion to Dismiss for lack of personal jurisdiction.  Based on the authority granted by 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a) to cure defects in personal jurisdiction and venue, the court recommends transferring the case to the United States District Court for the Northern District of Iowa, Eastern Division, in which the City of Dubuque is located and both personal jurisdiction and venue appear, from the face of the complaint, to be proper.

## II. ANALYSIS

### A. Motion to Appoint Counsel

The Court has the authority to appoint "an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a party is not entitled to appointment of counsel as a right in a civil action.  *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).   "An attorney should be appointed only if exceptional circumstances exist." *Id.*; s*ee also Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989) (appointment of counsel is appropriate only in exceptional cases).   The burden of persuasion rests on the party requesting counsel.

*Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x 329, 333 (5th Cir. 2013) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977)).

Plaintiff requests appointed counsel as a reasonable accommodation for unspecified disabilities pursuant to the Americans With Disabilities Act (ADA) and/or the Rehabilitation Act. Plaintiff does not identify his particular disability, but claims an "illness is currently impeding [his] ability to organize and prepare arguments for this [proceeding]. . .." Mot. Appt. Counsel [#12] at 1. Plaintiff identifies no authority for the proposition that appointment of counsel for a pro se plaintiff in a civil suit is a reasonable accommodation required by the ADA, nor do his vague allegations of "an illness" satisfy his burden to establish such an accommodation would be warranted in his particular case. *See Tran v. Gore*, 599 Fed. App'x 317, 317 (9th Cir. 2015) ("We reject [plaintiff's] contention that he demonstrated entitlement to appointed counsel under the Americans with Disabilities Act or the Rehabilitation Act . . ..);

In general, a court deciding whether to grant the request for appointment of counsel should consider: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating his case; and (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. *Schneider v. Kaelin*, 569 Fed. App'x 227, 281 (5th Cir. 2014) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). None of these factors weighs in favor of appointing counsel in this matter.

First, "[t]he factual issues surrounding [Plaintiff's] claims are relatively simple." *McFaul*, 684 F.3d at 581. This factor weighs against appointing counsel. *See id.* Second, as shown by Plaintiff's thorough Response to the Motion to Dismiss, complete with copies of City

5

contracts, Plaintiff appears thoroughly capable of presenting and investigating his case, a factor that weighs strongly against the appointment of counsel. *See id.* Finally, it is not clear at the pleading stage whether the evidence in this case will involve conflicting testimony, as the City's motion to dismiss is grounded in jurisdictional defects, not on any alleged failure to state a claim. Thus, this factor is neutral in the analysis. *See id.*

On balance, this case is not the type of "exceptional" or "extraordinary" civil dispute in which appointment of counsel is warranted. *Branch*, 686 F.2d at 266; *Jackson,* 864 F.2d at 1242. Thus, Plaintiff's Motion for Appointment of Counsel [#12] is denied. The Court further finds Plaintiff's Motion for Additional Time to Find Counsel [#7] is mooted, both by his actual response to the Motion to Dismiss and by this Court's determination that appointment of counsel is not warranted.

### B.  Personal Jurisdiction

Defendant makes two arguments concerning lack of personal jurisdiction:  First, proper service is a prerequisite to personal jurisdiction in federal court. *Dunlap v. City of Fort Worth*, No. 4:13-cv-802-O, 2014 U.S. Dist. LEXIS 59577, *5 (N.D. Tex. Apr. 7, 2014) (citing *Pavlov v. Parsons,* 574 F. Supp. 393, 399 (S.D. Tex. 1983). Defendant asserts Plaintiff's personal email to the Mayor was insufficient service, and therefore personal jurisdiction is lacking. Mot. Dism. [Dkt. #6] at 9. Second, Defendant argues the exercise of personal jurisdiction over an Iowa municipality by a Texas court is inconsistent with the Due Process Clause and the Texas "long-arm" statute. *See Clemons v. WPRJ, LLC*, 928 F.Supp. 885, 893 (S.D. Texas 2013), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The City of Dubuque asserts it lacks sufficient minimum contacts with Texas to establish either specific or personal jurisdiction here. Mot. Dism. [Dkt. #6] at 5. For the reasons outlined below, the court finds the City has

established a lack of personal jurisdiction, both because of improper service and because the City lacks sufficient minimum contacts with Texas to justify suit here.

### 1. Improper Service

It is undisputed that Plaintiff's attempt to serve the City with process consisted of an email from the Plaintiff to the City Mayor. Both Federal Rule of Civil Procedure 4(c)(2) and Iowa Rule of Civil Procedure 1.302(4) specify that service cannot be accomplished by a party to the action. Thus, Plaintiff's personal email to the Mayor was not effective service of process. FED. R. CIV. P. 4(c)(2); IOWA R. CIV. P. 1.302(4); *see also Dunlap,* 2014 U.S. Dist. LEXIS 59577 at *8 (service by the plaintiff is necessarily deficient). "[T]he fact that the defendant may have received notice of this civil action is insufficient for service of process." *Dunlap*, 2014 U.S. Dist. LEXIS 59577 at *8 (citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)). Because service of process is improper, the court lacks personal jurisdiction over the Defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1327 (1999). Further, because Defendant was never properly served with process, Plaintiff's argument that the Motion to Dismiss should be stricken as untimely must fail. *See generally* Motion to Strike Defendant's Motion to Dismiss and Motion to Transfer Venue [Dkt. #8].

### 2. Minimum Contacts Analysis

Additionally and in the alternative, Defendant argues this court lacks personal jurisdiction under the Texas long-arm statute and the federal Due Process clause. Mot. Dism. [Dkt. #6] at 3-8. In determining whether personal jurisdiction exists, the Court must consider whether: (1) the Texas long-arm statute creates personal jurisdiction over the defendant; and (2) the exercise of

personal jurisdiction is consistent with the due process guarantees of the United States Constitution. *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

The Texas long-arm statute extends the personal jurisdiction of Texas courts to the constitutional limits of due process. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id.*

Personal jurisdiction may be analyzed in terms of general jurisdiction or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). General jurisdiction is proper when the defendant has "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Daimler AG v. Bauman*, ___ U.S. ___, 134 S. Ct. 746, 754 (2014). General jurisdiction is typically unavailable unless the defendant can fairly be said to be "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846, 2851 (2011). In contrast, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, _____U.S. ____, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 1478 (1984). To meet this standard, "the defendant's **suit-related conduct** must create a substantial connection with the forum State." *Walden*, 134 S.Ct. at 1122 (emphasis added).

Plaintiff does not, and cannot argue there is any connection between the State of Texas and his dispute with the City of Dubuque, beyond the fact that he is now domiciled in Texas. *See* Resp. [#9] at 3.  But "specific jurisdiction may not be based upon the mere fortuity that a plaintiff is a Texas resident." *Clemons v. WPRJ, LLC*, 928 F.Supp. 885, 895 (S.D. Texas 2013).

The Texas Supreme Court has recently clarified that the assertion of general personal jurisdiction over a nonresident defendant is justified "only when the [Defendant's] affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler A.G.*, 134 S. Ct. at 754 (quoting *Goodyear*, 131 S. Ct. at 2851).  Plaintiff contends several contacts between the City of Dubuque and businesses operating in Texas establish general jurisdiction over the City. *Id.* at 1-2 and Ex. 1-8.  Plaintiff alleges: (1) the City has contracted with a Texas corporation so that City residents may license their pets online and has established a Texas bank account connected with this pet registration program; (2) Texas-based American Airlines has service to Dubuque and the City has contracted with American Airlines for travel purposes; (3) the City has made substantial purchases from Dell, another Texas-based company; (4) the City posted a job vacancy online and ultimately hired an administrator who used to work in Texas; (5) the City sold a parcel of land located in Iowa to a purchaser/developer from Texas; (6) the City hired a Texas construction consultant to evaluate contractual claims in connection with an ongoing building project in Dubuque; (7) a company based in Texas was the successful bidder in a bid to build a water tower in Iowa for the City; and (8) the Mayor was once invited to speak at a Texas Municipal League conference about Dubuque's experience in rebuilding its community.  *See id.*

None of these transactions meet the high standard established by *Daimler,* 134 S.Ct. at 754, and *Goodyear*, 131 S.Ct. at 2851.  The simple fact that a nonresident defendant has engaged

in the stream of commerce involving the forum state does not support a finding of general personal jurisdiction. *See e.g., Alpine View Co. v. Atlas Compco AB*, 205 F.3d 208, 216 (5th Cir. 2000). For the most part, the City's interactions with Texas-based businesses can be characterized as "mere purchases," which are insufficient to establish general personal jurisdiction "even if occurring at regular intervals." *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 418, 104 S.Ct. 1868, 1874 (1984). Likewise, a showing that a defendant operates websites that can be accessed in Texas (as well as any other State) is insufficient to establish a "substantial" presence in Texas. *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir 2002). Plaintiff has produced no evidence of any "constant and pervasive" contacts between the City of Dubuque and the State of Texas. *Daimler A.G.,* 134 S.Ct. at 754. This court therefore lacks personal jurisdiction over the defendant.

### C. Transfer Pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a)

If the court "finds that there is a want of jurisdiction, the court ***shall*,** if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . .." 28 U.S.C. § 1611. Similarly, in the interest of justice, a district court may transfer a case "laying venue in the wrong division or district . . . to any district or division in which it could have been brought." 28 U.S.C. § 1406. As the City of Dubuque's Motion to Dismiss does not argue Plaintiff's claims are frivolous or otherwise address their merits, and the City itself has suggested the Northern District of Iowa, Eastern Division, would be an appropriate venue for the matter, the court finds it is in the interest of justice to transfer this case to the Northern District of Iowa, Eastern Division, for consideration on the merits.[1] *See,*

---

[1] Plaintiff asserts that he fears "continued harassment and retribution" if he is forced to pursue his case in Iowa, but provides no factual basis for this conclusory allegation. He requests transfer be to the Northern District of Illinois, but makes no attempt to show that this district is one in which the action could originally have been brought

10

*e.g., Kinder v. City of Myrtle Beach*, No. 1:11-cv-712, 2015 U.S. Dist. LEXIS 39619, *9 (transferring case in which personal jurisdiction and venue were lacking "because transfer is in the interests of justice."); *Parlant Technology v. Bd. Of Educ. Of City of New York,* No. 2:12-cv-417-BCW, 2014 U.S. Dist. LEXIS 139064 ("[O]n balance, it is the Court's view that New York provides the most efficient and convenient forum for this case to be resolved having previously found that Utah does not have personal jurisdiction over the [defendant].") Plaintiff's factual allegations make clear that the witnesses and other evidence involved in his complaint are chiefly located in Dubuque, Iowa.  The actions of which he complains took place in Dubuque, Iowa.  Transfer to the United States District Court for the Northern District of Iowa, Eastern Division, where the City of Dubuque is located, is therefore proper under 28 U.S.C. §§ 1611 and 1406.

**III. ORDERS AND RECOMMENDATION**

In accordance with the foregoing,

IT IS ORDERED that Plaintiff Nikolas Britton's Request for Additional Time to Find Counsel [Dkt. #7] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Motion to Transfer Venue [Dkt. #8] is DENIED;

IT IS FINALLY ORDERED that Plaintiff's Motion for Appointment of Counsel [Dkt. #12] is DENIED.

The undersigned hereby RECOMMENDS Defendant City of Dubuque's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2), 12(b)(5), 12(b)(3) and Under 28 U.S.C. § 1406 and,

---

(i.e., that the Northern District of Illinois would have any greater basis for exercising personal jurisdiction over the City of Dubuque than the Western District of Texas).   Therefore, transfer to the Northern District of Illinois is not a viable option under 28 U.S.C. § 1631.

Subject Thereto, Motion to Transfer Venue Under 28 U.S.C. § 1406 [Dkt. #6] be GRANTED IN PART and DENIED IN PART.

Specifically, the undersigned recommends the court DENY the motion to dismiss the case for lack of personal jurisdiction, insufficient service, and improper venue and instead GRANT the motion to transfer venue to the United States District Court for the Northern District of Iowa, Eastern Division, both on the basis of Defendant's alternative motion to transfer venue pursuant 28 U.S.C. § 1406 and under the court's independent authority pursuant to 28 U.S.C. §§1611 and 1406.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED May 18, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE